SHAWN J. KOLITCH, *Special Admission Pending*
E-mail: shawn@krdglaw.com
**KOLITCH ROMANO DASCENZO GATES LLC**
621 SW Morrison Street #1100
Portland, OR 97205
Telephone: (503) 994-1650
Facsimile: (503) 224-7329

*Attorneys for Plaintiff*
*HydraPak LLC.*

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| HYDRAPAK LLC, <br><br> Plaintiff, <br><br> v. <br><br> SAWYER PRODUCTS, INC., <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br><br> DEMAND FOR JURY TRIAL |

Plaintiff HydraPak LLC ("HydraPak" or "Plaintiff") alleges, based on actual knowledge with respect to HydraPak and HydraPak's acts, and based on information and belief with respect to all other matters, against Defendant Sawyer Products, Inc. ("Sawyer" or "Defendant"), a Florida Profit Corporation headquartered in Safety Harbor, Florida, as follows:

## NATURE OF THE CASE

This is a civil action for federal patent infringement in violation of the Patent Act, 35 U.S.C. §§ 1, *et seq.*, and specifically in violation of 35 U.S.C. §§ 271(a).

## THE PARTIES

1. Plaintiff HydraPak is California corporation having a principal place of business at 667 Thomas L. Berkley Way, Oakland, CA 94612.

2. On information and belief, Defendant Sawyer is a Florida Profit Corporation having a principal place of business at 605 7th Ave. North, Safety Harbor, FL 34695.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this case involves a federal question arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

4. This Court has personal jurisdiction in this action over Sawyer because, on information and belief, Sawyer has its principal place of business in this district and conducts business in this district at least by importing its products into Florida, advertising its products to customers throughout the United States, including in Florida, and selling its products to Florida residents, including the products accused of patent infringement in this action.

Furthermore, by committing purposeful acts of injecting its products into the nationwide stream of commerce through the e-commerce website sawyer.com, including to consumers in this district, Sawyer reasonably knew or expected that it could be hailed into court within this district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Sawyer resides in this district, and because Sawyer has a regular and established place of business in this district and has committed acts of infringement by importing, offering for sale and selling its infringing products in this district.

## FACTUAL ALLEGATIONS

**A.** **Plaintiff HydraPak**

6. HydraPak markets, offers for sale, and sells throughout the United States several lines of hydration and filtration systems, through its online retail store at hydrapak.com and numerous retail partners throughout the United States and worldwide. Example images of HydraPak's products are provided below.

 

**Exemplary HydraPak Products**

7.  HydraPak has expended significant time and resources developing and marketing its products, as well as protecting its related intellectual property rights. HydraPak owns dozens of U.S. patents, as well as numerous patents in other jurisdictions. HydraPak believes that Sawyer is infringing at least its U.S. patent Nos. 8,186,881 and 10,897,980 (collectively the "Asserted Patents").

8.  HydraPak owns all right, title and interest in U.S. Pat. No. 8,186,881 ("the '881 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '881 patent issued May 29, 2012, and will expire June 2, 2026. The '881 patent gives HydraPak the right to exclude others from making, using, offering for sale, or selling the invention claimed in the patent within the United States; from importing the invention claimed in the patent into the United States; and from importing into the United States or selling, offering to sell, or

using in the United States a product made by a process claimed in the patent. A copy of the '881 patent is attached hereto as Exhibit A.

9. HydraPak owns all right, title, and interest in U.S. Pat. No. 10,897,980 ("the '980 patent"), including the right to sue thereon and the right to recover for infringement thereof. The '980 patent issued January 26, 2021, and will expire March 6, 2033. The '980 patent gives HydraPak the right to exclude others from making, using, offering for sale, or selling the invention claimed in the patent within the United States; from importing the invention claimed in the patent into the United States; and from importing into the United States or selling, offering to sell, or using in the United States a product made by a process claimed in the patent. A copy of the '980 patent is attached hereto as Exhibit B.

10. HydraPak marks its products in accordance with 35 U.S.C. § 287.

**B.   Defendant Sawyer**

11. On information and belief, Sawyer is a Florida Profit Corporation selling a variety of outdoor products, including water filtration products, in the United States and elsewhere through its retail website located at sawyer.com and through various retail partners. Screenshots from Sawyer's retail website (as of May 13, 2025) are attached hereto as Exhibit C.

12. On information and belief, the product offered for sale and sold by Sawyer under the name "Cnoc Premium 2 Liter Bladder" infringes the '881

Patent, and the product offered for sale and sold by Sawyer under the name "Cnoc Premium 1 Liter Bottle" infringes the '980 Patent. These products are collectively referred to herein as the "Accused Products."

13. The Accused Products are sold through Sawyer's retail website, and on information and belief also through various retail partners. Photos of the Accused Products from Sawyer's retail website are shown below.



**Cnoc Premium 2 Liter Bladder**  **Cnoc Premium 1 Liter Bottle**

14. Illustrative claim charts demonstrating infringement of one or more claims the Asserted Patents by the respective Accused Products are attached hereto as Exhibits D and E.

Page 6

15. Specifically, the claim charts of Exhibit D demonstrate infringement of claims 10-16 of the '881 patent by the Cnoc Premium 2 Liter Bladder; and the claim chart of Exhibit E demonstrates infringement of claims 31-34 and 36-37 of the '980 patent by the Cnoc Premium 1 Liter Bottle.

16. HydraPak has not licensed any rights under the Asserted Patents to Sawyer. On information and belief, Sawyer is willfully infringing the Asserted Patents.

## CLAIM 1 – INFRINGEMENT OF THE '881 PATENT

17. HydraPak hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though set forth fully herein.

18. Sawyer has infringed at least claims 10-16 of the '881 patent by making, using, selling, offering to sell, and/or importing the Cnoc Premium 2 Liter Bladder.

19. Sawyer's infringement of the '881 patent has been and continues to be willful.

20. HydraPak has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Sawyer.

21. HydraPak has suffered, and will continue to suffer, permanent and irreparable injury for which HydraPak has no adequate remedy at law.

22. HydraPak is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

### CLAIM 2 – INFRINGEMENT OF THE '980 PATENT

23. HydraPak hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though set forth fully herein.

24. Sawyer has infringed at least claims 31-34 and 36-37 of the '980 patent by making, using, selling, offering to sell, and/or importing the Cnoc Premium 1 Liter Bottle.

25. Sawyer's infringement of the '980 patent has been and continues to be willful.

26. HydraPak has suffered, and will continue to suffer, substantial damages in an amount to be proven at trial, through lost profits, lost sales, and/or lost royalties, due to infringement by Sawyer.

27. HydraPak has suffered, and will continue to suffer, permanent and irreparable injury for which HydraPak has no adequate remedy at law.

28. HydraPak is entitled to relief as provided by 35 U.S.C. §§ 281, 283, 284, and 285.

### PRAYER FOR RELIEF

WHEREFORE, HydraPak prays for judgment as follows:

      A.      That Sawyer has infringed, and is infringing, the Asserted Patents, in violation of 35 U.S.C. § 271;

      B.      That infringement by Sawyer is willful;

      C.      That Sawyer be preliminarily and permanently enjoined against all acts of patent infringement, including but not limited to making, using, selling, offering to sell, and importing the Accused Products and any other Sawyer products found to infringe HydraPak's patents;

      D.      That Sawyer be required to deliver to HydraPak for destruction any and all articles in its possession and/or under its control that infringe any of HydraPak's patents, including but not limited to all existing Accused Products, associated packaging, and advertisements;

      E.      That Sawyer be ordered to pay HydraPak the damages that HydraPak has suffered due to patent infringement by Sawyer, together with interest thereon;

      F.      That Sawyer be ordered to account for and pay HydraPak the total profits Sawyer has received from the sale of products infringing any of HydraPak's patents;

      G.      That this case be declared exceptional pursuant to 35 U.S.C. § 285, due to willful infringement by Sawyer, and that HydraPak be awarded trebled damages and its reasonable attorneys' fees and costs; and

H.   That HydraPak have such other and further relief as the Court and/or a jury deems just and proper.

## JURY DEMAND

HydraPak hereby demands a trial by jury of all issues so triable.

DATED this 14th day of May, 2025.

Respectfully submitted,

**KOLITCH ROMANO DASCENZO GATES LLC**

By /s/ Shawn J. Kolitch
　　Shawn J. Kolitch
　　Email: shawn@krdglaw.com
　　621 SW Morrison Street #1100
　　Portland, Oregon 97205
　　Telephone: (503) 994-1650

*Attorneys for Plaintiff*
*HydraPak Inc.*